[Crim. No. 268.  Third Appellate District.—October 27, 1914.]

## THE PEOPLE, Respondent, v. ANTON DABNER, Appellant.

CRIMINAL LAW—LEWD ACT ON THE BODY OF A CHILD—SUFFICIENCY OF INDICTMENT—SECTION 288, PENAL CODE.—An indictment which charges that the defendant, on a certain date, and at a certain place, "did then and there willfully, unlawfully and feloniously commit a lewd and lascivious act upon and with the body, and certain parts thereof, of one Crystal Davidson, a female child under the age of fourteen years, to wit, of the age of eight years, by the said Anton Dabner then and there inserting and placing his hands up under the clothes and through and inside of the drawers of said Crystal Davidson, with intent then and there of arousing, appealing to and gratifying the lust, passion and sexual desires of him, the said Anton Dabner," sufficiently charges the crime defined by section 288 of the Penal Code.

ID.—CONSTRUCTION OF STATUTE.—Section 288 of the Penal Code provides for the punishment of any lewd or lascivious act willfully and lewdly committed upon or with the body, or any member thereof, of a child with the intent of arousing or gratifying the lust or sexual desires of either the perpetrator or his victim, and it is not necessary to charge that the accused touched the naked body, or some part of the body, in fondling or manipulating the person of the child.

APPEAL from a judgment of the Superior Court of Napa County and from an order refusing a new trial. Henry C. Gesford, Judge.

The facts are stated in the opinion of the court.

E. S. Bell, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

CHIPMAN, P. J.—The defendant was convicted by a jury upon an amended indictment in which it was charged that, on or about October 15, 1913, at the county of Napa, he "did then and there willfully, unlawfully and feloniously commit a certain lewd and lascivious act upon and with the body, and certain parts thereof, of one Crystal Davidson, a female child under the age of fourteen years, to wit, of the age of eight years, by the said Anton Dabner then and there inserting and placing his hands up under the clothes and through and inside of the drawers of said Crystal Davidson, with intent then and there of arousing, appealing to and gratifying the lust, passion and sexual desires of him, the said Anton Dabner, contrary," etc.

The crime charged is defined by section 288 of the Penal Code, which reads: "Any person who shall willfully and lewdly commit any lewd or lascivious act other than the acts constituting other crimes provided for in part two of this code upon or with the body, or any part or member thereof, of a child under the age of fourteen years, with intent of arousing, appealing to, or gratifying the lust or passion or sexual desires of such person or of such child, shall be guilty," etc.

The only point made in defendant's brief is "that the act described does not constitute a lewd and lascivious act under the provisions of section 288 of the Penal Code; that that act could only be committed upon or with the body, or some part or member thereof, of a child under the age of fourteen years. There is no allegation in the indictment that the defendant herein ever placed his hands upon or in any way violated or touched the body, or any part or member thereof, of the said Crystal Davidson. It is not even charged that the clothes and the drawers mentioned in said indictment were upon the person of the said Crystal Davidson."

Furthermore, it is claimed that defendant did not waive this infirmity in the indictment by failure to demur to the indictment for the reason, as is claimed, that where the indictment fails to state a public offense the failure to demur, specially or otherwise, cannot be deemed a waiver of an objection based upon such ground. Citing *People* v. *Grinnell,* 9 Cal. App. 239, [98 Pac. 681] ; *People* v. *Smith,* 103 Cal. 563, [37 Pac. 516].)

There was evidence sufficient to justify the jury in finding that defendant did in fact place one of his hands under the clothing of the child and through an opening in her drawers to a point of her person which we need not designate while at the same time hugging and kissing her. The act occurred while the child was riding with him in a cart at his solicitation, he having picked her up on the way home from a country schoolhouse. There was also evidence that when he lifted her out of the cart he did so in an unseemly manner and asked her to go with him behind a nearby tree or some bushes. She refused and he then kissed her, gave her. ten cents and she went on her way home and, shortly after reaching home, made complaint to her mother.

In his argument, at the hearing,. defendant's counsel contended that the crime contemplated by the statute was not sufficiently charged if it fell short of alleging that the accused touched the naked body or some part of the body in fondling or manipulating the person of the child; and that by "inserting and placing his hands up under the clothes and through the inside of the drawers of said Crystal Davidson with the intent," etc., was insufficient to charge the crime. We cannot agree with this view of the law. The statute punishes any lewd or lascivious act willfully and lewdly committed upon or with the body, or any member thereof, of a child with intent of arousing or gratifying the lust or sexual desires of either the perpetrator or his victim. It needs no argument to show that what is here alleged might well import the criminal intention mentioned in the statute, even if, what seems almost a physical impossibility, in doing the alleged act defendant did not touch the naked body of the child. It is easily conceivable that there may be lewd and lascivious acts with the body of a child importing the intent contemplated by the statute where the hands of the perpetrator do not touch the flesh. Acts may be committed with the clothed body

which may be lewd and lascivious and be committed with intent to gratify or arouse sexual desires.

We think the indictment was sufficient to charge a crime under section 288 of the Penal Code.

It would be a reproach to the law to hold that a person may, with the intent charged, do to a child what is here alleged against defendant and not be guilty of violating this statute.

The judgment and order are affirmed.

Hart, J., and Burnett, J., concurred.