[Crim. No. 3926.   Second Dist., Div. Two   Aug. 22, 1945.]

THE PEOPLE, Respondent, v. MILO E. ASH, Appellant.

Milo E. Ash, in pro. per., for Appellant.

Robert W. Kenny, Attorney General, and Frank Richards, Deputy Attorney General, for Respondent.

McCOMB, J.—From a judgment of guilty of violating section 288 of the Penal Code after trial before a court without a jury, defendant appeals.

In his opening brief defendant says:

"Briefly summarized the evidence discloses that Carol

Morton of the age of five years was invited to defendant's room, which was on the premises of his employment and where she was visiting. That while there he had her lay down on the bed where he removed her panties and used his tongue on her, indicating between her legs. That he then placed his tongue in her mouth and asked her to do the same.''

Defendant relies for reversal of the judgment on three propositions, which will be stated and answered hereunder seriatim:

First: *In view of the holding in People v. Angier, 44 Cal.App.2d 417, 420 [112 P.2d 659], defendant was not guilty of violating section 288 of the Penal Code, since the evidence as set forth above does not show that defendant touched with his tongue the sexual organ of the complaining witness.*

This proposition is untenable. *People* v. *Angier* had reference to a violation of section 288a of the Penal Code, which makes it a penal offense for any person to participate in the ''act of copulating the mouth of one person with the sexual organ of another.'' The cited case had no reference to section 288 of the Penal Code, which makes it a felony for any person to commit a lewd or lascivious act upon or with the body, or any part or member thereof, of a child under the age of fourteen years with intent of arousing, appealing to or gratifying the lust or passions or sexual desires of such person or child. (*People* v. *Bronson*, 69 Cal.App. 83, 86 [230 P. 213]; *People* v. *Lanham*, 137 Cal.App. 737, 740 [31 P.2d 410].) It is now established that it is not necessary in order to constitute a violation of section 288 of the Penal Code that the defendant touch the naked body of the prosecuting witness, it being sufficient that a lewd or lascivious act is committed upon or with the body, or some part or member thereof, of a child under the age of fourteen years. (*People* v. *Dabner*, 25 Cal.App. 630, 632 et seq. [144 P. 975].)

In view of the foregoing rule and the facts which defendant in his brief concedes the evidence discloses as to the acts which took place, there can be no doubt that there is substantial evidence to sustain the trial court's finding that defendant was guilty of violating section 288 of the Penal Code.

Second: *The prosecuting witness, a female five years of age, was not qualified to testify as a witness.*

This proposition is likewise untenable and is governed by the settled law in California that whether or not a child under

the age of ten years is capable of (a) receiving just impressions of the facts respecting which the child is to be examined and (b) relating them truthfully is a question the determination of which rests in the sound discretion of the trial judge; and in the absence of a showing of an abuse of this discretion by the trial judge his decision will not be disturbed on appeal. (*People* v. *Morcumb,* 28 Cal.App.2d 465, 467 [82 P.2d 714].) ▇ An examination of the record in the instant case discloses that the prosecuting witness on her voir dire examination demonstrated that she knew the difference between telling the truth and telling a lie and that she would be punished should she tell a lie. Therefore her testimony was properly received by the trial court.

▇ Third: *The prosecuting witness' testimony was inherently improbable.*

This proposition is likewise without merit. It is to be conceded that such acts as those described by the prosecuting witness are not ordinarily indulged in by the average normal human being. However, it is a matter of common knowledge that in every large community there are certain abnormal individuals who participate in such acts as those described by the complaining witness, and therefore there is no inherent improbability in the evidence which discloses that defendant followed such an abnormal and depraved course of conduct.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wood (W.J.), J., concurred.