[Crim. No. 2807.   First Dist., Div. Two.   Oct. 3, 1952.]

THE PEOPLE, Respondent, v. BLAND LEWIS, Appellant.

Millington, Dell'Ergo, Weeks & Morrissey for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Charles A. McClung, Deputy Attorney General, for Respondent.

DOOLING, J.—Appellant Lewis and one Soto were jointly tried before a jury and each convicted of statutory rape. (Pen. Code, § 261(1).) They were tried and convicted as aiders and abettors (Pen. Code, § 31), the actual act or acts of intercourse having been committed by C, a high school boy of the age of 18, with one B, a 16-year-old high school girl.

The evidence, disregarding conflicts, showed that Soto drove the appellant and the two young people to a secluded spot in the country where the two young people disrobed and engaged in the sexual act while appellant took several photographs of them.

Prior to this time C and Soto had discussed the taking of such photographs and C brought one M, a school girl of 14, to Soto as a possible participant. Soto took the two to the home of appellant where appellant showed two moving picture films depicting the sexual act and other obscenities. M after seeing these pictures refused to proceed and C then secured B who was also taken to appellant's home and shown similar moving pictures.

Appellant himself testified that he did not know in advance that C and B were to engage in a sexual act or even that B was to disrobe or to be photographed, it being his understanding that he was only to take pictures of C in the nude; and that when they arrived at the scene and both young people disrobed he was a passive bystander who made no suggestion as to any pose and only took such pictures as C suggested.

Appellant relies on the rule that mere knowledge that a crime is being committed and the failure to take any steps to prevent its commission do not, standing alone, amount to aiding and abetting. (*People* v. *Weber*, 84 Cal.App.2d 126, 130 [190 P.2d 46]; *People* v. *Hill*, 77 Cal.App.2d 287, 293 [175 P.2d 45].) It may be conceded for the purpose of this opinion, without deciding the question, that if the only evidence was that defendant took pictures of the couple while engaged in the sexual act without any suggestion or prompting to them on his part he would not be guilty as a principal. Here however the jury had the further evidence that before the crime was committed appellant had shown moving pictures

of such acts both to B who afterwards participated and to M who refused to do so. The jury could reasonably infer, despite appellant's denials, that he showed the pictures to B to encourage and induce her to engage in the forbidden act and later took the pictures in aid and furtherance of that preconceived design. It thus does not avail appellant to cite *People* v. *Beltran*, 94 Cal.App.2d 197 [210 P.2d 238] and *People* v. *King*, 30 Cal.App.2d 185 [85 P.2d 928] to the effect that appellant (quoting from his opening brief) "would be guilty only to the extent (1) of his knowledge or (2) of the natural and reasonable consequences of the acts he aided and encouraged."

We must assume that the jury found that appellant showed the films with the purpose of persuading and inducing B to engage in the act later photographed and went with the others to the scene and there participated with full knowledge of the intention of C to commit the criminal act upon B's person. That this would make him an aider and abettor seems too clear for argument. It is sufficient if the defendant "knew the intention of the other and either by acts, words or gestures, aided or encouraged the commission of the crime." (*People* v. *Le Grant*, 76 Cal.App.2d 148, 153 [172 P.2d 554].)

 ▋ Appellant further complains that the court failed to give a definition of the two terms "aid" and "abet", citing *People* v. *Ponce*, 96 Cal.App.2d 327, 331 [215 P.2d 75]. It is true as pointed out in that case that while "abet" connotes guilty knowledge the word "aid" does not. However the court did define the term "abet" in the following language: "If you are in reasonable doubt as to whether these defendants actually abetted, that is to say actually counseled and advised the commission of the offense charged, you must find the defendants not guilty, and you are instructed that the mere presence of these defendants at the commission of any act of sexual intercourse . . . considered alone, or the fact that they may have been present . . . and neglected to prevent the act, considered alone, is not sufficient to prove them guilty."

Thus the jury was expressly, though negatively, instructed that to find defendants guilty they must find beyond a reasonable doubt that defendants actually counseled and advised the commission of the crime. If they so found appellant's guilt as a principal under Penal Code section 31 was established. Guilty knowledge must exist in one who counsels and advises the commission of statutory rape in his presence,

and the failure of the court to expressly refer to guilty knowledge in this instruction could not in any way have resulted to appellant's prejudice.

The court on occasions made remarks and asked questions during the conduct of the trial which are complained of as prejudicial misconduct. No objection to any such conduct was made in any instance. The court instructed the jury: "if the court made any statement which occurred to you to reflect upon any counsel or witness, or seemed to you to indicate that the court had some opinion upon the merit of the case, or upon some facts or issues involved in the case, then you are instructed, if any such statement was made, to disregard that statement in reaching your verdict."

In the absence of objection at the time, the claim of misconduct can only be raised on appeal if it was of such a flagrant character that no prompt admonition to the jury could have cured it. (*People* v. *Caldwell*, 55 Cal.App. 280 [203 P. 440]; *People* v. *Byrd*, 88 Cal.App.2d 188 [198 P.2d 561].) An examination of the record satisfies us that this is not such a case.

The judgment and order denying appellant a new trial are affirmed.

Nourse, P. J., and Goodell, J., concurred.