[Crim. No. 3998. Fifth Dist. Oct. 10, 1980.]

THE PEOPLE, Plaintiff and Appellant, v.
WILLIAM DONALD AUSTIN, Defendant and Respondent.

**COUNSEL**

George Deukmejian, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, James T. McNally and Thomas R. Yanger, Deputy Attorneys General, for Plaintiff and Appellant.

Walter L. Gorelick and Gerald F. Sevier, Public Defenders, James T. Wilson, Assistant Public Defender, and Kay Killmer, Deputy Public Defender, for Defendant and Respondent.

## Opinion

**PIERSON, J.**[*]—Following a preliminary hearing, respondent Austin was charged in an information with count one, kidnaping (Pen. Code, § 207) and count two, lewd act upon or with a child (Pen. Code, § 288). Construed favorably to the prosecution, the evidence at the preliminary hearing established the following:

On July 13, 1978, eight-year-old Miss M. was playing tag with her brother and two cousins on the steps of a church in Ivanhoe. Respondent drove up to the church in his pickup, got out with an open knife in his hand and approached the children. Alarmed, the children ran to some bushes but came out at respondent's request. Austin asked "Do you want to make a couple of bucks?" He told M. he would tell her what to do—"just pull down her pants." Miss M. was indecisive and Austin pushed and guided her to a nearby orange grove. M.'s brother R., age 12, followed his sister.

Once in the orange grove, Austin closed the blade on his knife, but continued to hold it in his hand. He told M. to take down her pants. M. was fearful of what Austin might do with the knife so she complied with his request. She then pulled up her pants and was given a dollar by Austin. He asked if she wanted to make some more money by allowing him to touch her. She declined and the children left. Austin did not touch M. when she took her pants down nor did he touch her thereafter.

At a hearing on respondent's Penal Code section 995 motion, the trial court dismissed count two on the ground that no touching had occurred. The district attorney appealed.

■ A Touching of the Victim Is Necessary to Commit a Violation of Penal Code Section 288

A large number of reported cases have construed Penal Code section 288. No case has been brought to our attention, nor are we aware of

---

[*]Assigned by the Chairperson of the Judicial Council.

any, which did not factually involve a touching of the victim. In *People v. Coontz* (1953) 119 Cal.App.2d 276, 279 [259 P.2d 694], the court stated that to commit a violation of Penal Code section 288 "The only requirement is a touching with lustful intent." This language was also cited in *People* v. *Morales* (1967) 254 Cal.App.2d 194, 199 [61 Cal. Rptr. 764]. Although the statement was not necessary to the decision in either case, it sets forth a common view with which we agree that a touching is necessary to violate the code section. (See also *People* v. *Roberts* (1972) 26 Cal.App.3d 385 [103 Cal.Rptr. 25].)

The Supreme Court in *Pryor* v. *Municipal Court* (1979) 25 Cal.3d 238 [158 Cal.Rptr. 330, 599 P.2d 636] construed "lewd and dissolute conduct" as contained in Penal Code section 647, subdivision (a). Concerning that section, it held that to engage in lewd and dissolute conduct requires a touching of certain parts of the body (*id.*, at p. 244) and that the terms "lewd," "dissolute" and "lascivious" are synonymous (*id.*, at p. 248). Although the *Pryor* case can be distinguished from the instant case on a number of grounds, the fact that in *Pryor* touching was required to commit misdemeanor section 647, subdivision (a), lewd conduct weighs in our determination that a touching is required to commit a felonious section 288 lewd act.

The district attorney argued at the section 995 hearing that the contact on the way to the orange grove was a sufficient touching. Respondent takes the opposite position, citing *People* v. *Webb* (1958) 158 Cal. App.2d 537 [323 P.2d 141]. Whether, as respondent claims, the act of physically pushing M. while holding an open knife and compelling her to travel some 60 to 70 feet to the orange grove is more innocent than the conduct of the defendant in *Webb, supra,* (putting defendant's arm around the boy's shoulder while walking to a bungalow (*id.*, at p. 542)) is questionable. According to the testimony, Austin had declared at least a portion of his lustful desires at the church steps. By implication, he wanted the child's privates exposed.

It may be argued that Austin's touching was not done with the intent of arousing, appealing to, or gratifying the lust, passions or sexual desires of himself or of Miss M., but was done merely to place the child in a more secluded area where he might then, with the required specific intent, physically contact her. However, Austin's contact would be sufficient providing it was done for the purpose of some immediate sexual gratification. We can not say as a matter of law that his actual touch-

ing was divorced from concurrent sexual stimulation. Such a determination was for the trier of fact.

Apart from the journey to the orchard, a touching occurred in the performance of the act of removing the pants. "'It is common knowledge and common experience to conclude that in removing the panties of the child the hands of the one removing the panties would necessarily and undoubtably come in contact with the body of the child so outraged.'" (*People* v. *Pollock* (1943) 61 Cal.App.2d 213, 215 [142 P.2d 328], quoting *People* v. *Lanham* (1934) 137 Cal.App. 737, 740 [31 P.2d 410].) Here, by coercion of an exposed knife coupled with the enticement of monetary reward the minor was caused to physically touch her own person.

■ THE TOUCHING NECESSARY TO VIOLATE PENAL CODE SECTION 288 MAY BE DONE BY THE CHILD VICTIM ON ITS OWN PERSON PROVIDING SUCH TOUCHING WAS AT THE INSTIGATION OF A PERSON WHO HAD THE REQUIRED SPECIFIC INTENT

"[A]t common law one who caused a crime to be committed by an innocent agent was deemed guilty of the crime as a principal...." (*Workman* v. *State* (1939) 216 Ind. 68 [23 N.E.2d 419, 420].) This rule has been applied to burglary, *Moore* v. *State* (1977) 267 Ind. 270 [369 N.E.2d 628, 632]; theft, *People* v. *Taylor* (1973) 30 Cal.App.3d 117, 121-122 [106 Cal.Rptr. 216]; forgery, *People* v. *Jack* (1965) 233 Cal.App.2d 446, 456-457 [43 Cal.Rptr. 566]; murder, *State* v. *Benton* (1970) 276 N.C. 641 [174 S.E.2d 793, 801]; and *Fritz* v. *State* (1964) 25 Wis.2d 91 [130 N.W.2d 279, 281]. The common law rule is contained in California Penal Code section 31.

In *People* v. *Roberts, supra,* 26 Cal.App.3d 385, the court upheld the prosecution of Roberts for his conduct in instructing five children, ages eight to thirteen, to engage in sexual activities with themselves and with one another. It was held that Roberts himself need not have physical contact with any child in order to be guilty as an aider and abettor. Under construction of cases citing the above quoted common law rule, a person who causes an idiot, or an innocent child to do the touching is a principal without regard to consideration of aiding and abetting. (26 Cal.App.3d at p. 388.)

Significant harm may occur to a child who is caused to engage in or submit to the lustful intendments of a person seeking sexual self-gratifi-

cation. The range of proscribed potentially harmful acts is limited only by the imagination of the perpetrator. The harm may be manifested in many different mental, emotional and physical ways, leaving a child with possible lasting and debilitating fears.

Three persons who each have requisite specific section 288 intent may create independently the same significant harm to children. The first person himself could perform the lewd touching of a child. The second person could cause an innocent third person to do the same type of touching, and the third person could cause the child to do the same type of touching upon or with itself.

In the instant case, Austin's particular intent may be inferred from his conduct. He was responsible for the touching and removal of the child's pants as surely as if he had done it himself. No different specific intent would be inferred had he removed the pants himself.

*People* v. *Hobbs* (1952) 109 Cal.App.2d 189, 192 [240 P.2d 411] stated: "Section 288 of the Penal Code was enacted to protect children from the lustful advances and tamperings of callous and unscrupulous persons as well as from the assaults of depraved unfortunates. In all cases arising under this statute the purpose of the perpetrator in touching the child is the controlling factor and each case is to be examined in the light of the intent with which the act was done. In *People* v. *Owen*, 68 Cal.App.2d 617, 620 . . ., it is said that 'It is not the accomplishment but the intent of the party that is the basis of the commission of the acts condemned in Penal Code section 288.' If intent of the act, although it may have the outward appearance of innocence, is to arouse, or appeal to, or gratify the lust, the passion or the sexual desire of the *perpetrator* it stands condemned by the statute, or if it is intended to arouse feelings of passion or sexual desire in the *child*, it likewise stands condemned. The intent with which the act is done is manifested by the circumstances under which it was committed. (Pen. Code, § 21.) As is said in *People* v. *Owen, supra,* each case involving a lustful advance upon a child 'must be decided by the evidence introduced and is not necessarily controlled by a previous decision.'" (Italics in original.)

The same reason which compels application of the rule making a principal liable for the acts of his agents in *Roberts, supra,* 26 Cal. App.3d 385, compels application of that rule in the instant case. Children have the right to be free from lustful advances and tamperings of

callous and unscrupulous persons. That right is recognized by the proscription imposed by section 288.

Judgment of the trial court dismissing count two of the information is reversed and the case is remanded for further proceedings.

Hamlin, J.,* concurred.

**HOPPER, Acting P. J.**—I respectfully dissent.

Liminally, this case should be placed in proper perspective. An affirmance of the trial judge here would not mean that the defendant Austin necessarily would go free. Insofar as the record shows in this case, Austin would still face the kidnaping charge and any additional applicable charges other than a violation of Penal Code section 288. Affirmance would mean only the particular charge of violation of Penal Code section 288 is inapplicable. No reasonable person disagrees with the statement of the majority that "children have the right to be free from lustful advances and tamperings of callous and unscrupulous persons." The duty to protect children is recognized by a considerable number of statutes in this state. However, that does not mean that a court is not obligated to follow the law and determine whether or not the particular acts alleged fall within the confines of the particular crime charged.

I agree with the conclusion of the majority that, contrary to the argument of appellant, a touching of the victim is necessary to commit a violation of Penal Code section 288. However, I reach that conclusion by a somewhat different road than does the majority.

Penal Code section 288 provided at all times relevant hereto: "Any person who shall willfully and lewdly commit any lewd or lascivious act including any of the acts constituting other crimes provided for in Part 1 of this code *upon or with* the body, or any part or member thereof, of a child under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such child, shall be guilty of a felony and shall be imprisoned in the state prison for a term of three, four or five years." (Italics added.)

---

*Assigned by the Chairperson of the Judicial Council.

In their briefs, respondent asserts and appellant concedes that "upon" denotes actual physical contact. They differ as to the import of "with."[1] Appellant argues that "with" should be interpreted to proscribe lewd acts perpetrated through use of the body of the victim and not limited to acts which involve actual contact. Otherwise, the argument runs, inclusion of the word "with" would be superfluous.

A line of cases gives independent meaning to "with" by holding that a defendant violates section 288 when, with the requisite lustful intent, he touches the victim through the victim's clothing, although he does not touch the victim's naked body. (*People* v. *Ash* (1945) 70 Cal.App.2d 583, 584 [161 P.2d 415]; *People* v. *Lanham* (1934) 137 Cal.App. 737, 740 [31 P.2d 410]; *People* v. *Parker* (1925) 74 Cal.App. 540, 547-549 [241 P. 401]; *People* v. *Dabner* (1914) 25 Cal.App. 630, 632-633 [144 P. 975]; see also CALJIC No. 10.30 (1979 rev.).)

In light of the independent significance of "with" in the context of section 288, an interpretation of that section which requires an actual touching of the victim (directly or through the medium of the victim's clothing) does not render "with" superfluous.

The majority opinion holds that respondent's act of pushing M. in the direction of the orange grove was a sufficient touching because he had "declared at least a portion of his lustful desires at the church steps. By implication, he wanted the child's privates exposed."

In the zealous quest to bring respondent to "justice," the majority opinion makes no effort to distinguish *People* v. *Webb* (1958) 158 Cal. App.2d 537 [323 P.2d 141]. *Webb* held that a defendant's conviction of

---

[1]"With. A word denoting a relation of proximity, contiguity, or association." (Black's Law Dict. (5th ed. 1979) p. 1436.)

"[W]ith...1. in opposition to; against...2. a) alongside of; near to b) in the company of c) into; among...3. as an associate, or companion, of...4. a) as a member of ...b) working for, serving under, etc....5. in regard or relation to; concerning...6. in the same terms as; compared to; contrasted to...7. as well, completely, etc., as...8. of the same opinion belief, etc. as...9. in support of; on the side of...10. in the opinion or estimation of...11. as the result of; because of...12. a) by means of; using...b) by the use, presence, etc. of; by...13. a) accompanied by, attended by, circumstanced by etc....b) having received...14. having as a possession, attribute, accouterment, etc.; bearing, wearing, or owning...15. showing or exhibiting...16. in the keeping, care, etc. of...17. a) added to; and...b) including...18. in spite of; notwithstanding...19. a) at the same time as...b) in the same direction as...c) in the same degree as; in proportion to...d) in the course of...20. to; onto...21. from...22. following upon; after...." (Webster's New World Dict. (2d ed. 1972) p. 1623.)

section 288 could be based on an act of oral copulation but not on the defendant's act of placing his arm around the victim's shoulder as he led him into the bungalow where the oral copulation occurred. (*Id.* at p. 542.)

As *Webb* makes clear (*id.*, at p. 542)—and the majority opinion obfuscates—lustful intent plus an innocuous touching preparatory to the ultimate lewd or lascivious act does not a section 288 violation make. (See also *People* v. *Jones* (1964) 225 Cal.App.2d 598, 608 [37 Cal. Rptr. 454].) The majority opinion fails to distinguish *Webb* and proceeds to hold that the evidence sufficiently established that in pulling down her under pants, the victim touched herself as respondent's innocent agent and thus a violation of Penal Code section 288 occurred. I disagree.

The opinions cited by the majority are consistent with what the majority ignores: the definition of agency. Civil Code section 2295 defines "agent" as "one who represents another, called the principal, in dealings with third persons." Agency implies a three-party transaction. The cases relied upon by the majority involved three parties: the defendant, the agent—"innocent" or otherwise—and the victim.

Research has not disclosed any authority holding that a person violates Penal Code section 288 by acting through a second party who simultaneously wears two hats, "agent" and "victim."[2] *People* v. *Roberts* (1972) 26 Cal.App.3d 385 [103 Cal.Rptr. 25], relied on by the majority, is inapposite. There, the defendant was charged with aiding and abetting five children, ages eight to thirteen, to violate Penal Code section 288 with themselves and with one another. The trial court set aside the information because no evidence showed that the defendant personally touched the victims. In reversing, the Court of Appeal held that the defendant charged with aiding and abetting need not himself have physical contact with the victim to violate Penal Code section 288.

---

[2]No case called to my attention has applied the two-hat approach to *any* crime. I am aware of the statement in *Beausoliel* v. *United States* (D.C. Cir. 1939) 107 F.2d 292, where the court says at page 297: "In the present case this little girl was both the victim and the innocent agent of the appellant in the crime of which he was convicted." That case involved an assault charge. Actual touching of the appellant by the child took place. Not only is it factually distinguishable from the instant case but also gives no reasons supporting the above quoted statement and makes no legal analysis of the "agency" issue.

For cases on the commission of crimes by use of an innocent agent see 22 Corpus Juris Secundum, Criminal Law, section 84b, page 249, and 16 Corpus Juris, Criminal

Though the information in *Roberts* was framed on the *alternative* theory that a victim could violate section 288 by touching himself, the opinion does not so hold or even so hint. The factual summary is sparse; the alleged acts are not described.

Moreover, in holding that the defendant need not himself have physical contact with his victim—a holding with which I agree—the *Roberts* court relies on "related" cases in which agents—none of them "innocent"—touched third parties on behalf of the defendant. (Thus, one may aid and abet a third party to have sexual intercourse with an underage girl (*People* v. *Haywood* (1955) 131 Cal.App.2d 259 [280 P.2d 180]; *People* v. *Lewis* (1952) 113 Cal.App.2d 468 [248 P.2d 461]) and a husband may aid and abet a third party to rape his wife (*Matter of Application of Kantrowitz* (1914) 24 Cal.App. 203 [140 P. 1078].)

In sum, the majority opinion involves an inappropriate quantum leap beyond *Roberts* and the authorities on which *Roberts* relies.

Searching *People* v. *Hobbs* (1952) 109 Cal.App.2d 189 [240 P.2d 411], for its direct applicability to the instant case is to no avail and is as unrewarding as have been the searches to date for Judge Crater and Ambrose Bierce.

In no way do I make light of respondent's alleged conduct. Such conduct is reprehensible and I share the moral outrage of the majority. Nevertheless, the seeming leitmotiv of the majority opinion that suggests "we can't let him get away with this" should not blind us to the

Law, section 108, pages 124-125. See also 11 Halsbury's Laws of England (4th ed. 1976) Criminal Law, paragraph 43, pages 34-35; Perkins on Criminal Law (2d ed. 1969) page 657, LaFave & Scott, Criminal Law, section 63, page 496, and Witkin, California Crimes (1963) section 47, pages 49-50. In California pursuant to Penal Code section 31, "...all persons counseling, advising or encouraging children under the age of fourteen years, lunatics or idiots to commit any crime...are principals in any crime so committed." California cases include: *People* v. *Taylor* (1973) 30 Cal.App.3d 117 [106 Cal.Rptr. 216] (false pretenses); *Smith* v. *Superior Court* (1970) 5 Cal.App. 3d 260 [85 Cal.Rptr. 208] (false claims to state by means of Blue Shield as agent); *People* v. *Jack* (1965) 233 Cal.App.2d 446, 456 [43 Cal.Rptr. 566] (forgery of prescription with the pharmacist as the innocent agent); *People* v. *Pounds* (1959) 168 Cal.App.2d 756 [336 P.2d 219] (passing forged check through innocent agent); *People* v. *Waxman* (1952) 114 Cal.App.2d 399 [250 P.2d 339] (theft of newsprint); *People* v. *Monks* (1933) 133 Cal.App. 440, 447 [24 P.2d 508] (fictitious checks passed by insane innocent agent); *People* v. *Leach* (1930) 106 Cal.App. 442, 452 [290 P. 31] (theft of corporate securities); *People* v. *Smith* (1929) 96 Cal.App. 373, 378-379 [274 P. 451] (burglary); and *People* v. *Keller* (1926) 79 Cal.App. 612, 617 [250 P. 585] (embezzlement). In none of these cases was anyone both a victim and the innocent agent.

fact that we are here construing a statute. In so doing, we should not succumb to a totalitarian punishment by analogy thinking. Principles fundamental to any government under law are involved. As the lead opinion of this court in *People* v. *Moreland* (1978) 81 Cal.App.3d 11, 16-17 [146 Cal.Rptr. 118], said, in construing a different statute: "...we know that citizens must beware the government which claims in the public interest the power to imprison those who do acts deemed to be deserving of punishment, even though the statute under which the prosecution is brought does not clearly proscribe such conduct."[3]

The majority's straining to fit respondent's conduct within Penal Code section 288 is not only legally unsound but unnecessary. As previously indicated, Penal Code section 288 aside, respondent remains charged with kidnaping while armed with a deadly weapon and quite possibly would be subject to other offenses such as Penal Code section 314[4] (indecent exposure), Penal Code section 272 (contributing to the delinquency of a minor) and Penal Code section 647a (child molesting) (which does not require touching (see CALJIC No. 16.441 (1979 rev.)). Simply stated, crime this may be, Penal Code section 288 violation it is not.

The trial judge properly granted the motion to dismiss count II.

I would affirm.

Respondent's petition for a hearing by the Supreme Court was denied December 10, 1980. Bird, C. J., Mosk, J., and Newman, J., were of the opinion that the petition should be granted.

---

[3] See the frightening examples of Nazi Germany and Soviet Russia set forth in footnote 3 of *Moreland* at page 17.

[4] Penal Code section 314 provides in part: "Every person who willfully and lewdly... 2. Procures, counsels, or assists any person so to expose himself or take part in any model artist exhibition, or to make any other exhibition of himself to public view, or the view of any number of persons, such as is offensive to decency, or is adapted to incite to vicious or lewd thoughts or acts is guilty of a misdemeanor."