**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KENNETH CASEY, | No. 10-56763 |
| Petitioner - Appellant, | D.C. No. 8:09-cv-00370-ODW-PLA |
| v. | |
| MICHAEL MARTEL, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, District Judge, Presiding

Submitted February 6, 2012[**]
Pasadena, California

Before: REINHARDT, WARDLAW, and CALLAHAN, Circuit Judges.

Kenneth Michael Casey, a state prisoner, appeals the district court's denial

of his petition for writ of habeas corpus. The district court issued a certificate of

appealability with respect to Casey's claims that insufficient evidence supported

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

his conviction for conspiracy to create child pornography under California Penal Code § 311.4(c) and/or to commit a lewd and lascivious act upon a child under California Penal Code § 288(a), and that there was insufficient evidence to support his conspiracy conviction because there was no evidence that he or his coconspirator committed an overt act in furtherance of the conspiracy after they agreed to commit a crime. We have jurisdiction under 28 U.S.C. § 2253(a), and we affirm.

Casey's habeas petition is subject to the provisions of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. §§ 2241-2255. To prevail, Casey must show an "an unreasonable application of[ ] clearly established Federal law" or an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Harrington v. Richter*, -- U.S. --, 131 S. Ct. 770, 786 (2011).

The "clearly established Federal law" at issue here is *Jackson v. Virginia*, 443 U.S. 307 (1979), under which "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact

could have found the essential elements of the crime beyond a reasonable doubt."
*Id.* at 319 (emphasis in original).[1]

The California Court of Appeal did not unreasonably apply clearly established federal law in holding that substantial evidence showed that Casey conspired to both create child pornography and commit a lewd and lascivious act upon a child. *See* 28 U.S.C. § 2254(d)(1); *People v. Casey*, No. G037067, 2007 WL 2770855 (Cal. Ct. App. Sept. 24, 2007). Under the *Jackson* standard, sufficient evidence existed that Casey and his coconspirator Dale Allen Rumsey had agreed to pose or model the victim to create images exhibiting the victim's genitals or pubic or rectal area for the purpose of the viewer's sexual stimulation. *See* Cal. Penal Code § 311.4(c), (d)(1). Therefore, the state appellate court's decision was not an unreasonable application of *Jackson*. We reach the same conclusion regarding the state appellate court's decision finding substantial

---

[1] It makes no difference that the state court did not expressly refer to *Jackson*. State law provides an identical standard of review. *Compare People v. Johnson*, 26 Cal. 3d 557, 576 (1980) ("The appellate court must determine whether a reasonable trier of fact could have found the prosecution sustained its burden of proving the defendant guilty beyond a reasonable doubt.") (internal quotation marks and citation omitted) *with Jackson*, 443 U.S. at 319. In addition, a state court's failure to cite governing Supreme Court decisions "does not affect the application of the AEDPA standard" so long as the court's ruling does not contradict those decisions. *Garcia v. Carey*, 395 F.3d 1099, 1104 n.8 (9th Cir. 2005) (citing *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam)).

evidence that Casey and Rumsey agreed to have Casey cause or instigate the victim to remove his clothes for Casey's sexual gratification. *See* Cal. Penal Code § 288; *People v. Austin*, 111 Cal. App. 3d 110, 115 (1980) (under § 288, defendant "was responsible for the touching and removal of the child's pants as surely as if he had done it himself").

In a summary denial, the California Supreme Court rejected Casey's claim that insufficient evidence existed of the conspiracy because there was no evidence of overt acts in furtherance of the conspiracy after the agreement had been created. We conclude that a reasonable basis existed for the California Supreme Court's decision. *See Harrington v. Richter*, 131 S. Ct. 770, 784 (2011) ("Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief."). Sufficient evidence existed that at least one of the overt acts alleged in the government's information occurred after Casey and Rumsey's agreement to create child pornography and/or commit a lewd act upon a minor came into being. *See* Cal. Penal Code § 182(b) (requiring proof of the commission of an overt act by one or more parties in furtherance of the conspiracy); *People v. Herrera*, 83 Cal. App. 4th 46, 64 (2000) (facts proving a conspiracy may be "inferred from the conduct, relationship, interests, and activities of the alleged

conspirators before and during the alleged conspiracy"); *People v. Von Villas*, 11 Cal. App. 4th 175, 245 (1992) ("arrangements, discussions, and preparation" for a crime among conspirators can constitute overt acts).

**AFFIRMED.**