Filed 10/21/25  P. v. Zakrzewski CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MATTHEW ANTONIO ZAKRZEWSKI,<br><br>    Defendant and Appellant. | G063353<br><br>(Super. Ct. No. 19HF0674)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Kimberly Menninger, Judge. Affirmed.

Law Offices of Christine M. Aros and Christine M. Aros, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette

C. Cavalier and Nora S. Weyl, Deputy Attorneys General, for Plaintiff and Respondent.

*        *        *

After being sentenced to more than 700 years to life in prison based on sexual abuse of over a dozen male victims under the age of 14, defendant Matthew Antonio Zakrzewski appeals. He contends there is insufficient evidence to support his conviction on three counts. Having reviewed the relevant evidence, much of which is under seal, we find no merit in his contentions and affirm the judgment.

FACTS

Over the course of at least six years, Zakrzewski provided babysitting services to many families. He advertised his services on various internet websites, marketing himself as someone who was capable of handling challenging and special needs kids, and who had a lot of experience caring for boys.

In May 2019, a mother reported to law enforcement that her male child, who Zakrzewski babysat off-and-on over the course of a few months, had been sexually abused by him. An ensuing investigation uncovered thousands of pictures and videos from Zakrzewski's electronic devices and led to his arrest.

A felony complaint charged Zakrzewski with four counts of child sexual abuse crimes involving two male minor victims, as well as one count of possession of child pornography (Pen. Code, § 311.11, subd. (a)).[1] Within less than a year, the number of counts alleged against him rose to 34 and the number of male minor victims rose to 17, with the alleged crimes spanning

---

[1] All further statutory references are to the Penal Code.

2

over at least a five-year period. The crimes charged included numerous counts of committing a lewd act upon a child under 14 years of age (§ 288, subd. (a)), one count of attempting such a lewd act (§§ 288, subd. (a), 664, subd. (a)), two counts of oral copulation with a child 10 years old or younger (§ 288.7, subd. (b)), one count of using a minor for sex acts (§ 311.4, subd. (c)), and two counts of distributing pornography to a minor (§ 288.2, subd. (a)(2)). There were also allegations Zakrzewski committed lewd acts against more than one victim and more than one victim under 14 years old (§ 667.61, subds. (b), (e), (e)(4), (j)(2)).

Victims, victims' parents, and law enforcement officers testified at trial. In addition, the jury saw photos and videos obtained from Zakrzewski's electronic devices, and it received evidence concerning past internet searches found on Zakrzewski's electronic devices, which included the terms "child grooming" and "pedophilia."

The jury returned guilty verdicts on all 34 counts and found true all the multiple victim and multiple victim under 14 years of age allegations. The trial court sentenced Zakrzewski to a total indeterminate prison term of 705 years to life, plus a total determinate prison term of two years and eight months. Zakrzewski timely appealed.

## DISCUSSION

Zakrzewski challenges the sufficiency of the evidence to support his conviction on three counts: two counts of lewd acts on a child under the age of 14 (§ 288, subd. (a)), one involving John Doe #1 and the other involving John Doe #4; and one count of distributing harmful material to John Doe #4 in violation of section 288.2, subdivision (a)(2). On the record before us, his contentions are without merit.

3

# I.

## STANDARD OF REVIEW

"It is settled that the test of sufficiency of the evidence is whether, reviewing the whole record in the light most favorable to the judgment below, substantial evidence is disclosed such that a reasonable trier of fact could find the essential elements of the crime beyond a reasonable doubt. [Citation.] Substantial evidence is that evidence which is 'reasonable, credible, and of solid value.' [Citation.] An appellate court must 'presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence.' [Citation.] It must not reweigh the evidence [citation], reappraise the credibility of the witnesses, or resolve factual conflicts, as these are functions reserved for the trier of fact [citation]. Furthermore, an appellate court can only reject evidence accepted by the trier of fact when the evidence is inherently improbable and impossible of belief." (*People v. Pitts* (1990) 223 Cal.App.3d 606, 884 (*Pitts*), superseded by statute on another ground as stated in *People v. Levesque* (1995) 35 Cal.App.4th 530, 536–537.)

# II.

## SECTION 288, SUBDIVISION (A)

"[S]ection 288 was enacted to provide children with 'special protection' from sexual exploitation. [Citation.] The statute recognizes that children are 'uniquely susceptible' to such abuse as a result of their dependence upon adults, smaller size, and relative naiveté. [Citation.] The statute also assumes that young victims suffer profound harm whenever they are perceived and used as objects of sexual desire." (*People v. Martinez* (1995) 11 Cal.4th 434, 443–444 (*Martinez*).) "Unlike rape, the wrong punished by the

lewd acts statute is not the violation of a child's sexual autonomy, but of its sexual *innocence*." (*People v. Soto* (2011) 51 Cal.4th 229, 243.)

Subdivision (a) of section 288 makes it a felony to "willfully and lewdly commit[] any lewd or lascivious act . . . upon or with the body . . . of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child." Aside from the age of the child, there are two elements to the crime: (1) a touching of the child; and (2) a concurrent specific intent by the perpetrator to arouse the lust, passion, or sexual desire of the perpetrator or the child. (See *Martinez, supra*, 11 Cal.4th at p. 444; *People v Valenti* (2016) 243 Cal.App.4th 1140, 1160, superseded in part by statute on other grounds as stated in *People v. Villegas* (2023) 97 Cal.App.5th 253, 281, fn. 9.)

Zakrzewski does not challenge the sufficiency of the evidence establishing intent, but instead focuses on the "touching" element. Noting the two disputed counts each involved a dog licking the unclothed genital area of a child, Zakrzewski contends such an act cannot amount to a "touching" under section 288, subdivision (a) because the statute requires the touching be done by either the perpetrator or the minor. He separately argues there was no evidence he "instructed or directed any touching done by the dogs."

Regarding the first issue, which is a question of statutory interpretation, case law makes clear the statute is not so narrow. As explained by the Supreme Court, "courts have long indicated that section 288 prohibits *all* forms of sexually motivated contact with an underage child." (*Martinez, supra*, 11 Cal.4th at p. 444.) Beyond requiring some type of touching, nothing in the broad language restricts the form or nature of the contact, or the manner in which it may occur. (*Ibid*.) "Indeed, the 'gist' of the

offense has always been the defendant's intent to sexually exploit a child, not the nature of the offending act." (*Ibid*.)

To that end, courts agree constructive touching of a child, by means of the child themselves, another person, or an object, may satisfy the act required for a violation of section 288, subdivision (a). (See *People v. Memro* (1995) 11 Cal.4th 786, 871; *People v. Scott* (1994) 9 Cal.4th 331, 343; *People v. Villagran* (2016) 5 Cal.App.5th 880, 890; *People v. Meacham* (1984) 152 Cal.App.3d 142, 153–154, abrogated on another ground in *People v. Brown* (1994) 8 Cal.4th 746.) The focus in such a situation is whether the defendant convinced, orchestrated, instructed, suggested, caused, or otherwise encouraged the touching to occur. (See, e.g., *People v. Lopez* (2010) 185 Cal.App.4th 1220, 1230 [defendant directed children to undress outside of his presence]; *Pitts, supra,* 223 Cal.App.3d at p. 890 [defendant compelled child to drink urine from a cup]; *Meacham*, at p. 154 [defendant had children pose in such manner their hands were touching their own genitalia]; *People v. Austin* (1980) 111 Cal.App.3d 110, 114 [defendant coerced child into taking off own clothes].) Although we have not located a published case involving touching done by an animal, we find no reason offered by defendant or otherwise as to why the constructive touching doctrine should not apply with equal force in such a situation.

Having concluded the touching of a child by a dog may, under certain circumstances, amount to a constructive touching which violates section 288, subdivision (a), we turn to Zakrzewski's sufficiency of the evidence argument.

The first challenged count, count 14, was specifically alleged to involve a dog licking John Doe #4's genitals. Zakrzewski acknowledges the prosecution introduced two photos of a dog licking the child's genitals on two

6

different occasions, but he claims there was no other evidence with respect to the alleged lewd act. Thus, he argues there was no evidence he directed or encouraged John Doe #4 or the dog to engage in the activity, meaning the touching could not be imputed to him through the constructive touching doctrine.

At the time of trial, John Doe #4 recalled having a dog of the type in the pictures, but he could not remember if Zakrzewski talked to him about dogs or if they played with his dog together. There also was no other testimony specific to the dog incidents. However, there was a plethora of other circumstantial evidence from which a jury could have concluded Zakrzewski instigated, encouraged, and/or orchestrated the activity, making him responsible for the constructive touching. Among that evidence was the following: a description by John Doe #4 of two incidents in which Zakrzewski initiated sexual related conduct with John Doe #4, one of which included John Doe #4 expressly declining the activity; a video in which Zakrzewski attempted to initiate sexual related conduct with John Doe #4 and John Doe #4 rejected the attempt; and multiple photos and videos, including an elaborate camera setup by Zakrzewski, depicting Zakrzewski engaging in sexual related conduct with John Doe #4 which would be perceived by a child as being a "fun" activity.  Notably, all the videos and photos were obtained from Zakrzewski's electronic devices, and the incidents, including the ones involving the dog, occurred over a roughly nine-month period.

The same is true with respect to an incident involving a dog licking John Doe #1's genitals, which potentially formed the basis of

Zakrzewski's conviction on count 1 or count 2.[2] Two videos filmed by Zakrzewski and played for the jury showed Zakrzewski initiating sexual related touching of John Doe #1. In addition, evidence from a forensic interview with John Doe #1 detailed other occasions of sexual related contact between Zakrzewski and John Doe #1, with each initiated by Zakrzewski. Combined with the video of the dog incident, which was filmed by Zakrzewski on the same day as the other two videos, there was sufficient evidence from which a jury could find Zakrzewski responsible for a constructive touching of John Doe #1 stemming from the dog incident.

III.

SECTION 288.2

On count 12, which involved John Doe #4, the jury found Zakrzewski guilty of distributing harmful material to a minor in violation of section 288.2, subdivision (a)(2). Zakrzewski contends "there was no evidence that the material exhibited to [John] Doe #4 fell within the definition of harmful material under [section] 388.2 [*sic*]." We disagree.

Section 288.2, subdivision (a)(1) makes it a felony or misdemeanor for a person, who knows or believes another person is a minor, to "knowingly distribute[], send[], cause[] to be sent, exhibit[], or offer[] to distribute or exhibit by any means . . . any harmful matter that depicts a minor or minors engaging in sexual conduct, to the other person with the intent of arousing, appealing to, or gratifying the lust or passions or sexual

---

[2] Counts 1 and 2 were the only charges involving John Doe #1. Unlike count 14, counts 1 and 2 did not specify the particular alleged lewd acts on which they were based. Based on evidentiary rulings by the trial court, one of the three videos shown to the jury as supplying the basis for counts 1 and 2 was a video of the dog incident.

desires of that person or of the minor, and with the intent or for the purposes of engaging in sexual intercourse, sodomy, or oral copulation with the other person, or with the intent that either person touch an intimate body part of the other." Subdivision (a)(2) of the same section provides for a slightly reduced felony penalty for situations in which "the matter used by the person is harmful matter but does not include a depiction or depictions of a minor or minors engaged in sexual conduct." (§ 288.2, subd. (a)(2) [imprisonment for 16 months, or two or three years].) The purpose of the statute is to prevent the use of certain material "'to groom young victims for acts of molestation.'" (*People v. Powell* (2011) 194 Cal.App.4th 1268, 1287.)

Qualifying harmful matter includes any "matter, taken as a whole, which to the average person, applying contemporary statewide standards, appeals to the prurient interest, and is matter which, taken as a whole, depicts or describes in a patently offensive way sexual conduct and which, taken as a whole, lacks serious literary, artistic, political, or scientific value for minors." (§ 313, subd. (a); see § 228.2, subd. (c) ["'harmful matter' has the same meaning as defined in [§] 313"].)

Zakrzewski bases his insufficiency of the evidence argument on a portion of one of the necessary components for material to qualify as harmful matter: that the material, taken as a whole, depicts or describes sexual conduct. Relying on a definition of sexual conduct provided to the jury, he asserts neither of the two videos allegedly shown to John Doe #4 contain content which would qualify as sexual conduct. But in making that argument, Zakrzewski overlooks a category of material which qualifies as sexual conduct.

The trial court instructed the jury with a definition of sexual conduct consistent with the one contained in section 311.4, a statute

9

referenced in section 288.2, subdivision (a). Included in that definition was "any lewd or lascivious sexual act as defined in [s]ection 288."

John Doe #4 testified Zakrzewski showed him a video depicting two young boys who appeared to be brothers—one older than the other. Although he could not remember many details at the time of trial, which was roughly seven years after being shown the video, the details he provided were generally consistent with the content of a video submitted into evidence as exhibit 63. Contrary to Zakrzewski's assertion, that video does not simply depict nudity. Its contents would be sufficient for a jury to find it depicted at least one lewd or lascivious act. Accordingly, there is sufficient evidence of harmful matter to uphold the conviction on count 12.[3]

## DISPOSITION

The judgment is affirmed.


DELANEY, J.

WE CONCUR:


SANCHEZ, ACTING P. J.


SCOTT, J.

---

[3] The parties dispute whether there is sufficient evidence that Zakrzewski showed John Doe #4 a different video, namely one involving John Doe #8, and whether the contents of such video could meet the definition of sexual conduct. We need not address these disputes given our sufficiency of the evidence conclusion based on exhibit 63.