[No. B222758. Second Dist., Div. Five. Jan. 6, 2011.]

THE PEOPLE, Plaintiff and Respondent, v.
JIMMY SIGALA, Defendant and Appellant.

## Counsel

David H. Goodwin, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Kenneth C. Byrne and Julie A. Harris, Deputy Attorneys General, for Plaintiff and Respondent.

Opinion

**KRIEGLER, J.**—Defendant and appellant Jimmy Sigala was convicted by jury of three counts of continuous sexual abuse of a child under the age of 14 years. (Pen. Code, § 288.5, subd. (a).)[1] The jury found that defendant had substantial sexual contact with each victim (§ 1203.066, subd. (a)(8)) and committed an offense set forth in section 667.61, subdivision (c) against more than one victim.[2] Defendant admitted two prior convictions under the three strikes law. (§§ 1170.12, subds. (a)–(d), 667, subds. (b)–(i).) Defendant was sentenced to three consecutive terms of 45 years to life.

In this timely appeal, defendant argues Judicial Council of California Criminal Jury Instructions (2008–2009) CALCRIM No. 1120, which defines the elements of lewd and lascivious acts on a child under the age of 14 for purposes of the continuous sexual abuse statute, erroneously advises the jury that the "touching need not be done in a lewd or sexual manner." We affirm, holding that the language in CALCRIM No. 1120 accurately reflects settled California law, and in any event, defendant could not possibly have suffered prejudice under the circumstances of this case.

## FACTS

This prosecution was the result of discovery of photographs taken by defendant of his unclothed granddaughters, and one photograph of a granddaughter with defendant's penis in her mouth. Four of defendant's granddaughters testified to molestations by defendant. None reported being molested prior to discovery of the photos.

Defendant molested granddaughter J. by touching her vagina and breasts 19 or 20 times when she was 13 years old. J. touched defendant's penis because he told her to do so. The molestations occurred a few times per week when J. was 13 years old. One time she awoke from sleep to find defendant placing his penis in her vagina, causing pain and bleeding.

Defendant began molesting his granddaughter P. when she was seven years old, by touching her at a time when she appeared to be sleeping. Defendant got into bed with P. and rubbed his penis against her buttocks. When she was eight years old, defendant made P. touch his penis with her hands and mouth more than 20 times, sometimes ejaculating in her mouth or on her chest. When she was 11 or 12 years old, P. orally copulated defendant almost every day. One of the photographs taken by defendant depicted P. orally copulating defendant.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

[2] Defendant was acquitted of the fourth count, which alleged attempted rape. (§§ 664, 261, subd. (a)(2).)

Another granddaughter, A., was molested by defendant starting at the age of 12, when he touched her chest. For the next two years, he touched her breasts and vagina every day, sometimes inserting his finger inside her. This continued until she was 18 years old. He placed A.'s hand on his penis a "couple of times." Defendant took nude photos of A., directing her to smile.

Defendant began molesting A.'s twin sister, An., when she was 16 years old. He touched her breasts and vagina more than seven times. Defendant had An. touch his erect penis through his clothes. One time he got on top of her with an erect penis. Defendant took photos of her breasts.

The prosecution also presented the testimony of an expert regarding the child abuse accommodation syndrome, explaining why child molestation victims do not report the abuse.

## DISCUSSION

Defendant argues that CALCRIM No. 1120's definition of continuous sexual abuse of a minor in violation of section 288.5 erroneously instructed the jury that the "touching need not be done in a lewd or sexual manner." Defendant reasons that the objectionable sentence eliminated the essential element of section 288.5 that the touching is done in a lewd manner, thereby violating his Sixth Amendment right to a jury trial and Fifth and Fourteenth Amendment rights to due process of law. We reject the argument on the merits and also conclude any error is harmless.

*Standard of Review*

"We determine whether a jury instruction correctly states the law under the independent or de novo standard of review. (*People v. Posey* (2004) 32 Cal.4th 193, 218 [8 Cal.Rptr.3d 551, 82 P.3d 755].)" (*People v. Ramos* (2008) 163 Cal.App.4th 1082, 1088 [78 Cal.Rptr.3d 186].)

*The Elements of Section 288.5*

Section 288.5, subdivision (a) is violated when "[a]ny person who either resides in the same home with the minor child or has recurring access to the child, who over a period of time, not less than three months in duration, engages in three or more acts of substantial sexual conduct with a child under the age of 14 years at the time of the commission of the offense, as defined in subdivision (b) of Section 1203.066, or three or more acts of lewd or lascivious conduct, as defined in Section 288, with a child under the age of 14 years at the time of the commission of the offense is guilty of the offense of continuous sexual abuse of a child . . . ."

The plain language of the conduct element of section 288.5 indicates it may be violated in two distinct ways: (1) three or more acts of substantial sexual contact as defined in section 1203.066, subdivision (b); or (2) three or more acts of lewd or lascivious conduct as defined in section 288. (*People v. Whitham* (1995) 38 Cal.App.4th 1282, 1290, fn. 9 [45 Cal.Rptr.2d 571].) We deal only with the latter provision in this opinion.

*CALCRIM No. 1120*

The jury was instructed on the elements of section 288.5 with CALCRIM No. 1120.[3] As pertinent to this case, the jury was advised that in order to prove defendant guilty of violating section 288.5, it must find "defendant engaged in three or more acts of substantial sexual conduct or lewd or lascivious conduct with the child." The portion of the instruction to which defendant objects is the definition of lewd or lascivious conduct as "any willful touching of a child accomplished with the intent to sexually arouse the perpetrator or the child. The touching need not be done in a lewd or sexual manner." According to defendant, there is no authority for the proposition that the touching need not be done in a lewd or sexual manner.

---

[3] CALCRIM No. 1120 provides: "The defendant is charged [in Count __] with continuous sexual abuse of a child under the age of 14 years [in violation of Penal Code section 288.5(a)].

"To prove that the defendant is guilty of this crime, the People must prove that:

"1. The defendant (lived in the same home with/ [or] had recurring access to) a minor child;

"2. The defendant engaged in three or more acts of (substantial sexual conduct/ [or] lewd or lascivious conduct) with the child;

"3. Three or more months passed between the first and last acts;

"AND

"4. The child was under the age of 14 years at the time of the acts.

"[*Substantial sexual conduct* means oral copulation or masturbation of either the child or the perpetrator, or penetration of the child's or perpetrator's vagina or rectum by (the other person's penis [or] any foreign object).]

"[*Oral copulation* is any contact, no matter how slight, between the mouth of one person and the sexual organ or anus of another person. Penetration is not required.]

"[*Lewd or lascivious conduct* is any willful touching of a child accomplished with the intent to sexually arouse the perpetrator or the child. The touching need not be done in a lewd or sexual manner. Contact with the child's bare skin or private parts is not required. Any part of the child's body or the clothes the child is wearing may be touched.] [*Lewd or lascivious conduct* [also] includes causing a child to touch his or her own body or someone else's body at the instigation of a perpetrator who has the required intent.]

"[Someone commits an act *willfully* when he or she does it willingly or on purpose. It is not required that he or she intend to break the law, hurt someone else, or gain any advantage.]

"You cannot convict the defendant unless all of you agree that (he/she) committed three or more acts over a period of at least three months, but you do not all need to agree on which three acts were committed.

"[Actually arousing, appealing to, or gratifying the lust, passions, or sexual desires of the perpetrator or child is not required for lewd or lascivious conduct.]

"[It is not a defense that the child may have consented to the act.]

"[Under the law, a person becomes one year older as soon as the first minute of his or her birthday has begun.]"

*Analysis*

We reject defendant's challenge to that portion of CALCRIM No. 1120 which advises the jury the "touching need not be done in a lewd or sexual manner." Contrary to defendant's contention, there is clear California Supreme Court authority supporting that portion of the instruction.

■ To the extent a section 288.5 prosecution relies on three or more violations of section 288,[4] the intent required was definitively set forth in *People v. Martinez* (1995) 11 Cal.4th 434 [45 Cal.Rptr.2d 905, 903 P.2d 1037] (*Martinez*). In *Martinez*, our Supreme Court reviewed a Court of Appeal holding that section 288 required a touching that was both sexually motivated and lewd. Reaffirming a long line of contrary authority, our Supreme Court rejected the appellate court's analysis. "Whether a particular touching is 'lewd' and criminal under section 288 cannot be determined separate and apart from the actor's intent." (*Martinez*, at p. 438.) "For this reason, the courts have long indicated that section 288 prohibits *all* forms of sexually motivated contact with an underage child. Indeed, the 'gist' of the offense has always been the defendant's intent to sexually exploit a child, not the nature of the offending act. (*People v. McCurdy* (1923) 60 Cal.App. 499, 502 [213 P. 59].)" (*Martinez, supra,* at p. 444.)

■ As *Martinez* emphasizes, "the cases have made clear that a 'touching' of the victim is required, and that sexual gratification must be presently intended at the time such 'touching' occurs. (*People v. Westek* (1948) 31 Cal.2d 469, 482–483 [190 P.2d 9]; *People v. Coontz* (1953) 119 Cal.App.2d 276, 279 [259 P.2d 694]; *People v. Schultz* (1942) 49 Cal.App.2d 38, 43–44 [120 P.2d 893]; *People v. Dabner* (1914) 25 Cal.App. 630, 632–633 [144 P. 975].) However, the form, manner, or nature of the offending act is not otherwise restricted. Conviction under the statute has never depended upon contact with the bare skin or 'private parts' of the defendant or the victim. (*People v. Hobbs* [(1952)] 109 Cal.App.2d 189, 192 [240 P.2d 411]; *People v. Ash* (1945) 70 Cal.App.2d 583, 584 [161 P.2d 415]; *People v. Lanham* (1934) 137 Cal.App. 737, 740 [31 P.2d 410]; *People v. Dabner, supra,* 25 Cal.App. 630, 632–633.) Stated differently, a lewd or lascivious act can occur through the victim's clothing and can involve 'any part' of the victim's body. (*People v. Carpenter* (1955) 137 Cal.App.2d 792, 793 [291 P.2d 189]; see also *People v. Nothnagel* (1960) 187 Cal.App.2d 219, 225 [9 Cal.Rptr. 519] [touching need not be 'sexual in character']; *People v. Hartshorn* (1943) 59

---

[4] Section 288, subdivision (a), provides in pertinent part that "any person who willfully and lewdly commits any lewd or lascivious act, including any of the acts constituting other crimes provided for in Part 1, upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony . . . ."

Cal.App.2d 285, 288 [138 P.2d 782] [defendant need not touch 'a particular part' of victim's body].)" (*Martinez, supra*, 11 Cal.4th at p. 444; see *People v. Lopez* (1998) 19 Cal.4th 282, 290 [79 Cal.Rptr.2d 195, 965 P.2d 713] [§ 288 may be violated by an innocuous or inoffensive touching if done with a lewd intent].)

        Read as a whole, that portion of CALCRIM No. 1120 which defendant finds objectionable is entirely consistent with *Martinez*. *Martinez* states the touching must be accompanied by the intent for "sexual gratification" (*Martinez, supra*, 11 Cal.4th at p. 444); CALCRIM No. 1120 satisfies that requirement by stating the willful touching must be "accomplished with the intent to sexually arouse the perpetrator or the child." *Martinez* further states "the form, manner, or nature of the offending act is not otherwise restricted" and cites authority for the proposition that the touching need not be sexual in nature (*Martinez, supra*, at p. 444); consistent with the *Martinez* holding, CALCRIM No. 1120 advises the jury that the "touching need not be done in a lewd or sexual manner."

We conclude defendant's challenge to CALCRIM No. 1120 is without merit.[5] The instruction is an accurate statement of law.

*Harmless Error*

Assuming defendant were correct that CALCRIM No. 1120 erroneously defined an element of section 288.5, the error is subject to the harmless error standard of review found in *Chapman v. California* (1967) 386 U.S. 18, 23 [17 L.Ed.2d 705, 87 S.Ct. 824]. (*Neder v. United States* (1999) 527 U.S. 1, 8–12 [144 L.Ed.2d 35, 119 S.Ct. 1827]; *People v. Davis* (2005) 36 Cal.4th 510, 564 [31 Cal.Rptr.3d 96, 115 P.3d 417] ["even when jury instructions completely omit an element of a crime, and therefore deprive the jury of the opportunity to make a finding on that element, a conviction may be upheld under *Chapman* where there is no 'record . . . evidence that could rationally lead to a contrary finding' with respect to that element"].)

Any error in defining the nature of the prohibited touching in this case would necessarily be harmless, as the conduct described by the victims was unquestionably of a sexual nature. There is no evidence in the record that defendant's repeated molestations of his granddaughters were innocent touchings without the intent of sexual gratification. The nude photographs of the granddaughters, as well as the one depicting an act of oral copulation, are consistent only with the conclusion defendant continuously acted with the

---

[5] It follows from our holding that the identical definition of lewd or lascivious conduct in CALCRIM No. 1110, defining a violation of section 288, is also a correct statement of law under *Martinez*.

intent required by section 288. Defendant wisely makes no attempt to argue that his conduct was not done with the intent of sexual gratification. A clearer case of harmless error is difficult to imagine.

## DISPOSITION

The judgment is affirmed.

Turner, P. J., and Mosk, J., concurred.

Appellant's petition for review by the Supreme Court was denied April 13, 2011, S190464.