[No. B233089. Second Dist., Div. Four. Aug. 22, 2012.]

THE PEOPLE, Plaintiff and Respondent, v.
ALVARO CUELLAR, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rules 8.1100 and 8.1110, only the first paragraph of this opinion, part II of the Discussion, and the Disposition are certified for publication.

## COUNSEL

David H. Goodwin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Stacy S. Schwartz and Russell A. Lehman, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**EPSTEIN, P. J.**—Alvaro Cuellar was charged and convicted of a violation of Penal Code section 288.5, subdivision (a) (lewd and lascivious acts with a child under 14 with whom the defendant resided; the "continuous sexual child molester" statute). He presents two contentions on appeal: that the trial court erroneously denied his request to self-represent at trial, and that the pattern instruction for the offense, CALCRIM No. 1120, is infirm because it negates one of the elements of the crime. In the nonpublished portion of the opinion we conclude the trial court was within its discretion in denying the request for self-representation because it came too late in the proceedings. In the published portion of the opinion we conclude that while the pattern instruction is problematic, any deficiencies it may have were harmless in this case in light of the overwhelming evidence of defendant's guilt. We suggest a modification of the instruction to obviate the problematic aspect. We shall affirm the conviction.

### FACTUAL AND PROCEDURAL SUMMARY*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISCUSSION

### I*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### II

As pertinent here, the statute under which defendant was charged, Penal Code section 288.5, subdivision (a), applies to a person residing at the

---

*See footnote, *ante,* page 1067.

same place as a child under 14, or who has recurring access to that child, who over a period of at least three months engages in "substantial sexual conduct" with the child. The quoted phrase means three or more acts of "lewd or lascivious conduct" defined as an act committed on the child "with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child." (Pen. Code, § 288, subd. (a).)

The applicable instruction, CALCRIM No. 1120, is among the Judicial Council of California Criminal Jury Instructions. As given, it reads as follows:

"The defendant is charged in Count One with continuous sexual abuse of a child under the age of 14 years in violation of Penal Code section 288.5(a).

"To prove that the defendant is guilty of this crime, the People must prove that:

"1. The defendant lived in the same home with a minor child;

"2. The defendant engaged in three or more acts of lewd and lascivious conduct with the child;

"3. Three or more months passed between the first and last acts;

AND

"4. The child was under the age of 14 years at the time of the acts.

"*Lewd or lascivious conduct is any willful touching of a child accomplished with the intent to sexually arouse the perpetrator or the child. The touching need not be done in a lewd or sexual manner.* Contact with the child's bare skin or private parts is not required. Any part of the child's body or the clothes the child is wearing may be touched. Lewd or lascivious conduct also includes causing a child to touch his or her own body or someone else's body at the instigation of a perpetrator who has the required intent.

"Someone commits an act willfully when he or she does it willingly or on purpose. It is not required that he or she intend to break the law, hurt someone else, or gain any advantage.

"You cannot convict the defendant unless all of you agree that he committed three or more acts over a period of at least three months, but you do not all need to agree on which three acts were committed.

"Actually arousing, appealing to, or gratifying the lust, passions, or sexual desires of the perpetrator or child is not required for lewd or lascivious conduct." (Italics added.)

Defendant focuses on the italicized portion of the instruction, which defines what is lewd or lascivious conduct. The first sentence defines the term as "any willful touching of a child accomplished with the intent to sexually arouse the perpetrator or the child." No claim of infirmity is presented as to that sentence. The second sentence, however, states that the "touching need not be done in a lewd or sexual manner."

■ This provision apparently was intended as a transcription of the long-established rule that touching of a sexual organ is not required for violation of the statute. (*People v. Raley* (1992) 2 Cal.4th 870, 907 [8 Cal.Rptr.2d 678, 830 P.2d 712].) Instead, the phrase "lewd and lascivious act" is expansively defined to include any contact with the defendant's body and does not require that the touching be to an intimate part of the body. It is enough that the touching occur with the requisite intent. (*People v. Martinez* (1995) 11 Cal.4th 434, 442 [45 Cal.Rptr.2d 905, 903 P.2d 1037] (*Martinez*) [disagreeing with cases that had taken a narrower view of the statute].)

■ Defendant does not quarrel with *Martinez*, but claims that the second sentence is inconsistent with the first and negates the requirement that the touching be done in a lewd or lascivious manner. Taken by itself, that sentence is capable of the construction defendant suggests. At best, it is unfortunate and possibly confusing. We recognize that the issue presented here was reviewed in *People v. Sigala* (2011) 191 Cal.App.4th 695, 700 [119 Cal.Rptr.3d 674]. That case concluded that "[r]ead as a whole" this part of the instruction is consistent with the Supreme Court's holding in *Martinez* that "the touching must be accompanied by the intent for 'sexual gratification' . . . ," and that CALCRIM No. 1120 satisfies that requirement by stating that the touching must be accompanied by the requisite intent. The court concluded that the instruction does this by requiring that the " 'touching need not be done in a lewd or sexual manner.' " (191 Cal.App.4th at p. 701.)

The problem with this analysis is that it does not focus on just what information the second sentence is designed to impart that is not already stated in the first sentence. It may be that, "read as a whole" the sentence does no harm, although we think that is subject to question. It certainly does no good. The apparent intent is to reflect the *Martinez* holding that the statute is violated even though an intimate part of the body is not touched. We urge that the Judicial Council's Advisory Committee on Criminal Jury Instructions reconsider the language of this sentence and propose new language that simply states that the touching need not be made to an intimate part of the

victim's body, so long as it is done with the required intent. If that revision is made, the two sentences would complement each other and any arguable inconsistency would be removed.

■ Nevertheless, taken as a whole, we are satisfied that the instruction as given did not mislead the jury in this case. First, virtually all of the touching described in the testimony was sexual, rather than incidental, in nature. And the evidence of defendant's guilt was overwhelming. Besides the thorough testimony of the victim, the jury had before it defendant's confession. ■ "A confession is like no other evidence" in its force and effect. (*Arizona v. Fulminante* (1991) 499 U.S. 279, 296 [113 L.Ed.2d 302, 111 S.Ct. 1246].) Against that, the jury had only defendant's testimony that, while he made the inculpatory statements to the detective, he did so because a social worker intimated that things would go better for him if he cooperated, and he was trying to cooperate. That explanation was presented to the jury, which understandably did not credit it.

Nevertheless, the instruction might have been prejudicial if the prosecutor had tried to capitalize on its language to argue that defendant was guilty even if his touching of the victim was innocent. (See *People v. Guiton* (1993) 4 Cal.4th 1116, 1129 [17 Cal.Rptr.2d 365, 847 P.2d 45] [hypothetically, in a case in which defendant was tried on two alternative theories only one of which was supported by substantial evidence, reversal may be required if prosecutor stressed only the invalid ground].)

Here the opposite occurred. Addressing the paragraph of the instruction attacked here, the prosecutor argued that "technically, if you have somebody who testifies that as a child somebody touched her on the shoulder, and *if we can prove that that touching was done with the required intent*, that would be sufficient to make the finding that that person committed a lewd or lascivious act, if we can prove that intent." But here, the prosecutor quickly added, there was far more. "[W]here he touches her, and how he touches her, and what he does is what's important, and it shows the intent because the touching is on her private part, the touching includes placing his mouth on her vagina. The touching includes rubbing his penis against her vagina. [¶] Clearly, there's no other reasonable explanation as to why he's doing this other than the fact that he has the required intent."

We conclude that any error in the instruction was harmless under any standard.

## DISPOSITION

The judgment of conviction is affirmed.

Manella, J., and Suzukawa, J., concurred.

Appellant's petition for review by the Supreme Court was dated November 14, 2012, S205262.