Filed 4/25/13  P. v. Franklin CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>SYLVESTER FRANKLIN,<br><br>    Defendant and Appellant. | G046789<br><br>(Super. Ct. No. 10NF2252)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Lance Jensen, Judge.  Affirmed.

Donna L. Harris, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Vincent P. LaPietra, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

A jury convicted defendant of committing a lewd act on a child under the age of 14.  (Pen. Code, § 288, subd. (a); all further statutory references are to this code.)  The trial court sentenced defendant to eight years in state prison.  Defendant contends the court erred in instructing the jury with CALCRIM No. 1110.  Finding no error, we affirm the judgment.

FACTS

Defendant, a 37-year-old man, was found in a bedroom with 12-year-old G.C., having entered through a window with G.C.'s help.  To prevent entry by her grandmother, siblings and cousins, who also lived in the apartment, G.C. blocked the door to the room with a television set.  When G.C.'s grandmother began screaming because she could not open the door, G.C.'s brother assisted her and was able to push it open enough to see his sister in bed, under the covers, with a man.  Defendant came out of the bedroom carrying his pants and left the apartment, followed by G.C.  Both G.C.'s brother and sister saw and recognized defendant, and a swab taken from G.C.'s breast was determined to contain defendant's DNA.

G.C. was initially argumentative and uncooperative when confronted by police, telling the officer the person in the bedroom with her was her junior high school aged boyfriend.  She later told a social worker she had been with defendant and that although they had previously had sex about 10 to 15 times, they did not do so the night they were discovered.

At trial, G.C. testified she had been dating defendant for five months and had had sex with him in his car and in another apartment in the complex where she lived.  On the night in question, defendant had taken his pants off and the two were laying in bed kissing.  G.C. admitted defendant had sent her a text message on her cell phone asking, "Can you still feel me in you?"

2

Appellant argues the jury should not have been instructed with former CALCRIM No. 1110 because its statement "[t]he touching need not be done in a lewd or sexual manner" conflicts with section 288, subdivision (a)'s requirement of a "lewd or lascivious act" and "effectively deleted an element of the offense from the jury's consideration or misdirected the jury as to the element." He acknowledges *People v. Sigala* (2011) 191 Cal.App.4th 695 (*Sigala*) determined otherwise in a prosecution under section 288.5, subdivision (a) (continuous sexual abuse of a child under 14), holding only the intent must lewd and lascivious, not the touching itself (*id*. at p. 700). But he claims *Sigala* was wrongly decided because the case it relies on, *People v. Martinez* (1995) 11 Cal.4th 434 (*Martinez*), "did not hold that the touching required in a prosecution for violation of . . . section 288 or 288.5 need not be done in a lewd or sexual manner." We disagree.

*Martinez* specifically rejected the argument section 288, subdivision (a) is violated only if a defendant touches a child in "an inherently lewd manner," concluding "'any touching' of an underage child committed with the intent to sexually arouse either the defendant or the child" satisfies the statute. (*People v. Martinez*, *supra*, 11 Cal.4th at p. 442.) It explained a defendant's intent or purpose has always been "the 'gist' of the offense" or the controlling factor, rather than the "nature of the offending act," and even an act that appears outwardly innocent falls within the statute if the necessary intent is present. (*Id*. at p. 444.) As long as "sexual gratification [is] presently intended at the time [a] 'touching' occurs[,] . . . the form, manner, or nature of the offending act is not otherwise restricted." (*Ibid*.) According to the court, "the lewd character of an activity cannot logically be determined separate and apart from the perpetrator's intent" and routine acts such as cuddling and grooming "may also be undertaken for the purpose of sexual arousal. Thus, depending upon the actor's motivation, innocent or sexual, such

3

behavior may fall within or without the protective purposes of section 288[ and] . . . the only way to determine whether a particular touching is permitted or prohibited is by reference to the actor's intent as inferred from all the circumstances." (*Id*. at p. 450.) Given these statements, *Sigala* correctly held the phrase "touching need not be done in a lewd or sexual manner" is consistent with *Martinez*. (*People v. Sigala*, *supra*, 191 Cal.App.4th at p. 701 [approving CALCRIM Nos. 1110 and 1120].)

Defendant maintains *People v. Cuellar* (2012) 208 Cal.App.4th 1067 (*Cuellar*), presents the better view. We are not persuaded. The instruction in *Cuellar* stated in part: "Lewd or lascivious conduct is any willful touching of a child accomplished with the intent to sexually arouse the perpetrator or the child. The touching need not be done in a lewd or sexual manner." (*Id*. at p. 1070, italics omitted.) The defendant argued "the second sentence is inconsistent with the first and negates the requirement that the touching be done in a lewd or lascivious manner." (*Id*. at p. 1071.) *Cuellar* agreed the sentence, "[t]aken by itself," was capable of the defendant's interpretation and "[a]t best, it is unfortunate and possibly confusing," faulting *Sigala*'s analysis as failing to "focus on just what information the second sentence is designed to impart that is not already stated in the first sentence." (*Ibid*.) It urged revising the instruction to make "the two sentences . . . complement each other" and remove "any arguable inconsistency." (*Id*. at p. 1072.)

*Cuellar*'s critique of *Sigala* is inapplicable because the instruction in this case does not contain the first sentence found in those cases. Rather, the jury here was instructed the prosecution had to prove "one, the defendant willfully touched any part of a child's body either on the bare skin or through the clothing; [¶] two, the defendant willfully caused a child to touch her own body, the defendant's body, or the body of someone else, either on the bare skin or through the clothing; [¶] three, the defendant committed the act with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of himself or the child; [¶] and four, the child was under the

4

age of 14 years at the time of the act. [¶] The touching need not be done in a lewd or sexual manner. [¶] . . . [¶] Actually arousing, appealing to, or gratifying the lust, passions, or sexual desires of the perpetrator or the child is not required." Defendant has not shown this instruction lightens the prosecution's burden or that it confused the jury.

We also disagree with *Cuellar* that *Martinez* held only that section 288 "is violated even though an intimate part of the body is not touched." (*People v. Cuellar*, *supra*, 208 Cal.App.4th at p. 1071.) Although that was one of the issues raised by the defendant and rejected by *Martinez* (*People v. Martinez*, *supra*, 11 Cal.4th at pp. 451-452), its actual holding was "that section 288 is violated by 'any touching' of an underage child accomplished with the intent of arousing the sexual desires of either the perpetrator or the child." In our view, "any touching" includes one not "done in a lewd or sexual manner."

## DISPOSITION

The judgment is affirmed.


RYLAARSDAM, J.

WE CONCUR:


O'LEARY, P. J.


IKOLA, J.

5