Filed 8/28/15  P. v. Arancibia CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>JORGE ARANCIBIA,<br><br>　　　Defendant and Appellant. | B256899<br><br>(Los Angeles County<br>Super. Ct. No. BA376549) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Stephen A. Marcus, Judge.  Affirmed.

_____

David H. Goodwin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Yun K. Lee and William H. Shin, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Jorge Arancibia appeals from the judgment entered after a jury convicted him of multiple sexual offenses against three girls. Arancibia contends that CALCRIM Nos. 1110, 1111, 1112 and 1120, which the trial court used to instruct the jury on four of the charged offenses, are constitutionally infirm. We disagree and affirm the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

An information, dated April 13, 2011, charged Arancibia with 12 counts related to his sexual conduct with three girls: five counts of committing a lewd or lascivious act on a child under 14 years (Pen. Code, § 288, subd. (a)[1] (counts 1, 3, 4, 5 and 7)); one count of continuous sexual abuse of a child under 14 years (§ 288.5, subd. (a) (count 2)); one count of committing by force a lewd or lascivious act on a child under 14 years (§ 288, subd. (b)(1) (count 6)); four counts of committing a lewd or lascivious act on a child of 14 or 15 years (§ 288, subd. (c)(1) (counts 8, 9, 10, and 12)); and one count of sexual penetration by a foreign object with a person under 16 years (§ 289, subd. (i) (count 11)). As to counts 1 to 7, the information specially alleged that Arancibia had committed a specified offense against more than one victim (§ 667.61, subds. (b), (c) & (e)(4)).

According to the evidence at trial, all three victims were congregants of the small church of which Arancibia was the pastor. The victim in counts 1, 2 and 3, who was under 14 years at the time of the charged offenses, testified that, when alone with Arancibia, on multiple occasions he had kissed her and used his tongue while holding her waist or rubbing his hand on her waist under her shirt, telling her "probably more than 20 or 30" times that he would not do it again. Arancibia also played the "tickle game" with her, got on top of her with his clothes on and rubbed his hard penis on her stomach, waist or private part. The victim in counts 4, 5, 6 and 7, who also was under 14 years at the time of the charged offenses, testified that Arancibia had kissed her with his tongue while touching her waist under her clothes. He played tickle with her, got on top of her and rubbed his private part against her private part while kissing her neck and belly button under her clothes. Once, while on a camping trip and swimming in a lake, Arancibia

---

[1]     Statutory references are to the Penal Code.

touched her behind with his hard penis. He also kissed her while pushing his body against hers. The victim in counts 8, 9, 10, 11 and 12, who was 14 or 15 at the time of the charged offenses, testified that Arancibia had kissed her face while she was asleep in his daughter's bedroom. Another time he kissed her in the bathroom after she had bathed in his home. While on a camping trip Arancibia came into her tent at night, put his hand underneath her shirt and touched her chest. He also put his hand on her vagina under her clothing and in her vagina. He "took [her] hand and he put it on his penis" and had her rub his penis, causing him to ejaculate.

A jury convicted Arancibia on all 12 counts and found true the section 667.61 allegation. The trial court sentenced Arancibia to state prison for an indeterminate term of 45 years to life (consecutive 15-year-to-life terms for counts 1, 2 and 6 and concurrent 15-year-to-life terms for counts 3, 4, 5 and 7), plus a determinate term of 5 years 8 months (the upper term of 3 years for count 8 and consecutive terms of 8 months each (one-third the middle term) for counts 9, 10, 11 and 12).

## DISCUSSION

Section 288, subdivision (a), punishes, as charged in counts 1, 3, 4, 5 and 7, "any person who willfully and lewdly commits any lewd or lascivious act . . . upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child . . . ." Section 288, subdivision (b)(1), punishes, as charged in count 6, "[a]ny person who commits an act described in [section 288,] subdivision (a) by use of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person . . . ." Section 288, subdivision (c)(1), punishes, as charged in counts 8, 9, 10 and 12, "[a]ny person who commits an act described in [section 288,] subdivision (a) with the intent described in that subdivision, and the victim is a child of 14 or 15 years, and that person is at least 10 years older than the child . . . ." Section 288.5, subdivision (a), punishes, as charged in count 2, "[a]ny person who either resides in the same home with the minor child or has recurring access to the child, who over a period of time, not less than three months in duration, engages in . . . three or more

3

acts of lewd or lascivious conduct, as defined in [s]ection 288, with a child under the age of 14 years at the time of the commission of the offense . . . ."

All four crimes require that a defendant willfully and lewdly commit a lewd or lascivious act with the intent of "arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child." (See § 288, subd. (a).) Arancibia contends that the pattern instructions for these crimes are constitutionally infirm because, although incorporating the willful aspect of the offenses, they "negate[] the need for the touching to have been done in a lewd manner" because they do not contain or define the word "lewdly."[2]

Supreme Court authority forecloses Arancibia's argument. CALCRIM Nos. 1110, 1111, 1112 and 1120 each define the requisite intent that must be present for a defendant to be convicted of the sexual offense: the intent of the defendant to sexually arouse himself or the child.[3] In *People v. Martinez* (1995) 11 Cal.4th 434 (*Martinez*), the Supreme Court reiterated that section 288 "require[s] no particular form of physical

---

[2]    Arancibia's argument on the four pattern jury instructions does not challenge his conviction on count 11 for sexual penetration by a foreign object (§ 289, subd. (i)).

[3]    The trial court gave CALCRIM No. 1110, the pattern instruction for section 288, subdivision (a) (lewd or lascivious act on child under 14 years), by stating as relevant: "To prove that the defendant is guilty of this crime, the People must prove that: [¶] 1. The defendant willfully touched any part of a child's body either on the bare skin or through the clothing; [¶] 2. The defendant committed the act with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of himself or the child; [¶] AND [¶] 3. The child was under the age of 14 years at the time of the act. [¶] Someone commits an act willfully when he or she does it willingly or on purpose. It is not required that he or she intend to break the law, hurt someone else, or gain any advantage. [¶] Actually arousing, appealing to, or gratifying the lust, passions, or sexual desires of the perpetrator or the child is not required. [¶] It is not a defense that the child may have consented to the act." CALCRIM No. 1111, the pattern instruction for section 288, subdivision (b)(1) (lewd or lascivious act by force on child under 14 years), CALCRIM No. 1112, the pattern instruction for section 288, subdivision (c)(1) (lewd or lascivious act on child 14 or 15 years old), and CALCRIM No. 1120, the pattern instruction for section 288.5, subdivision (a) (continuous sexual abuse of child under 14 years), all contain an intent provision like CALCRIM No. 1110, along with the specific elements for those crimes.

4

contact." (*Id*. at p. 438.) "Whether a particular touching is 'lewd' and criminal under section 288 cannot be determined separate and apart from the actor's intent." (*Ibid*.) Rather, "section 288 is violated by 'any touching' of an underage child committed with the intent to sexually arouse either the defendant or the child." (*Id*. at p. 442.) "Indeed, the 'gist' of the offense has always been the defendant's intent to sexually exploit a child, not the nature of the offending act. [Citation.] . . . [¶] . . . [A] 'touching' of the victim is required, and . . . sexual gratification must be presently intended at the time such 'touching' occurs. [Citations.] However, the form, manner, or nature of the offending act is not otherwise restricted." (*Id*. at p. 444.) In terms of the statute's use of the phrase "'willfully and lewdly,'" "no separate meaning can be ascribed to the literally distinct requirements of section 288, subdivision (a), that the act be done 'willfully and lewdly' and 'with [sexual] intent.' As commonly understood, both phrases overlap and refer to a single phenomenon—'sexual motivation.' [Citation.] [¶] . . . [T]he touching of an underage child is 'lewd or lascivious' and 'lewdly' performed depending entirely upon the sexual motivation and intent with which it is committed." (*Id*. at p. 449.)

Based on *Martinez*, CALCRIM Nos. 1110, 1111, 1112 and 1120 properly tell the jury to determine whether the defendant committed any touching of a child with the required sexual intent. Incorporating the word "lewdly," as Arancibia argues, is not necessary given that the concept of "lewdly" cannot be defined separately from the required sexual intent, which each of the pattern instructions details for the jury. (*Martinez*, *supra*, 11 Cal.4th at p. 449.)[4]

In any case, even if the word or a definition of "lewdly" were necessary to the pattern instructions, any omission in this case was harmless beyond a reasonable doubt because "no purpose [for Arancibia's conduct] other than sexual gratification

---

[4] Any potential ambiguity in CALCRIM No. 1120 noted in *People v. Cuellar* (2012) 208 Cal.App.4th 1067, 1071-1072 (*Cuellar*) is of no consequence here. After *Cuellar*, CALCRIM No. 1120 was modified to eliminate the potentially ambiguous language that "[t]he touching need not be done in a lewd or sexual manner." (See *id*. at p. 1070, italics omitted.) That language does not appear in any of the pattern instructions given by the trial court about which Arancibia complains.

reasonably appears." (*Martinez, supra*, 11 Cal.4th at p. 452; see *People v. Sigala* (2011) 191 Cal.App.4th 695, 701-702 [applying harmless beyond a reasonable doubt standard to challenge to pattern instruction on continuous sexual abuse].) The acts described by the three victims, which included Arancibia's kissing the girls with his tongue, touching private areas under the clothing, rubbing his hard penis against the girls and having one girl rub his penis to the point of ejaculation, were "unquestionably of a sexual nature," not "innocent touchings without the intent of sexual gratification." (*Sigala*, at p. 701.)

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED.

ROTHSCHILD, P. J.

We concur:

CHANEY, J.

LUI, J.