Filed 12/3/15  P. v. Davidson CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**


| | |
|---|---|
| THE PEOPLE | |
| Plaintiff and Respondent, | E061923 |
| v. | (Super.Ct.No. RIF1314010) |
| WILLIAM THOMAS DAVIDSON III, | OPINION |
| Defendant and Appellant. | |


APPEAL from the Superior Court of Riverside County.  Mac R. Fisher, Judge.  Affirmed.

Paul J. Katz, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal, and Allison V. Hawley, Deputy Attorneys General, for Plaintiff and Respondent.

1

# I

## INTRODUCTION

Defendant William Thomas Davidson, known as Uncle Bobo, routinely tickled the children who frequented his brother's home. The information charged defendant with two felony counts of lewd touching against two girls, Jane Doe 1 and Jane Doe 2. (§ 288, subd. (a).)[1] The pleading also alleged that defendant committed a sexual offense against more than one victim. (§ 667.61, subd. (e)(4).)

The jury found not true the multiple-victim allegation. The jury convicted defendant of a lesser offense included in count 1, misdemeanor battery (§ 242), as well as count 2, lewd act on a child (§ 288, subd. (a).) The court denied probation and sentenced defendant to the low term of three years in prison on count 2 with a concurrent sentence of 180 days on count 1.

On appeal, defendant argues the court committed instructional error in giving a modified version of CALCRIM No. 1110, and evidentiary error involving the fresh-complaint doctrine. We reject defendant's contentions and affirm the judgment.

---

[1] All statutory references are to the Penal Code unless indicated otherwise.

FACTUAL AND PROCEDURAL BACKGROUND

*A. Prosecution Case*

Defendant lived with his brother Robert's family and frequently babysat his two nephews and their friends. Two girls, Jane Doe 1 and Jane Doe 2, played at the Davidson residence two or three times a week under defendant's supervision. The children called defendant Uncle Bobo. Defendant often tickled his nephews and their friends as they sat on his lap.

Jane Doe 2 testified that defendant would tickle her when she visited the Davidson home. Once, when she was 11 or 12 years old, he tickled her differently. While the other children were outside, defendant invited Jane Doe 2 into his bedroom. While she sat on his lap playing a computer game, he began rubbing her shoulder and then put his hand inside her T-shirt sleeve and rubbed her chest area. She was uncomfortable and ran outside to resume playing with the other children.

Defendant also occasionally tickled Jane Doe 1. Once, when Jane Doe 1 was nine years old, defendant was sitting and Jane Doe 1 was standing in his bedroom, and he began tickling her stomach, and then her genital area over her clothing. After defendant stopped at Jane Doe 1's request, she continued to play and she returned the next day.

At a roller skating party in November 2013, Jane Doe 2 told defendant's brother Robert about the incident with defendant. She reported that defendant had reached inside her shirt and rubbed her chest. Robert confronted defendant the next day and, after they

argued, Robert told him to move out. Defendant moved out within 30 days.

Robert talked to the police and to Jane Doe 2's parents and other parents. After Robert talked to Jane Doe 1's parents, Jane Doe 1 told her mother about defendant tickling her genitals. Robert asked his own children whether they had ever seen defendant touch children inappropriately.

A detective interviewed the Jane Does and defendant. When defendant was asked whether he had touched any child's private areas, he recalled only once when he accidentally touched Jane Doe 1's sister's breast while tickling her. He also remembered accidentally touching Jane Doe 2's breast. He denied touching Jane Doe 1's genitals although, when he was tickling her, she had gripped his forearm with her legs and pulled it towards her genital area, causing him to stop tickling her.

B. *Defense Case*

Jane Doe 2 had told police that the incident had taken place during the summer of 2013 and she was wearing a tank top under her T-shirt. At trial, she testified that the touching occurred in February 2013 and she had been wearing nothing under her T-shirt. Her trial testimony differed about which breast defendant had touched and whether defendant had squeezed her breast. She gave different testimony about whether she had asked defendant about what he was doing, or asked to go to the bathroom during the touching, and whether she reported the incident to Jane Doe 1 at school. She came over to play at least once after the incident.

Jane Doe 1 told the police that the touching had occurred in the weeks leading up

to Halloween in 2013. During trial, Jane Doe 1 repeatedly testified that the alleged touching had occurred a year earlier. She had also told police that defendant had scratched and hurt her with his sharp fingernails but she testified that the touching did not hurt and defendant had touched her only over her clothing.

On cross-examination, both girls testified that the door to defendant's bedroom was open during the two incidents. Defendant's nephew testified that he had frequently seen his uncle tickle children, including the Jane Does but he had never seen defendant tickle them inappropriately and he never saw his uncle alone with either Jane Doe.

III

INSTRUCTIONAL ERROR

CALCRIM No. 1110—the jury instruction for lewd and lascivious touching under section 288, subdivision (a)—lists three elements for the offense: (1) willful touching of a child either on bare skin or through clothing, (2) with sexual intent, and (3) involving a victim under 14 years old. The trial court's jury instruction for lewd touching was based on CALCRIM No. 1110 but included additional language: "The touching need not be done in a lewd or sexual manner."[2] Although defendant did not object below, defendant now argues the additional language suggested that defendant could be guilty without sexual intent.

---

[2] The jury was also instructed based on CALCRIM No. 252 [Union of Act and Intent] and CALCRIM No. 3404 [Accident].

5

We disagree. Defendant's failure to object below means he forfeited the issue on appeal. (*People v. Hart* (1999) 20 Cal.4th 546, 622; *People v. Stone* (2008) 160 Cal.App.4th 323, 331.) Even so, his claim fails on the merits.

An appellate court independently reviews instructional error. (*People v. Posey* (2004) 32 Cal.4th 193, 218.) CALCRIM No. 1110 defines the requisite intent that must be present for a defendant to be convicted of the sexual offense: the intent of the defendant to arouse himself or the child sexually. (*People v. Martinez* (1995) 11 Cal.4th 434, 442.) In *Martinez*—a case involving hugging a child for sexual gratification—the California Supreme Court reiterated that section 288 "require[s] no particular form of physical contact." (*Id.* at p. 438.) "Whether a particular touching is 'lewd' and criminal under section 288 cannot be determined separate and apart from the actor's intent." (*Ibid.*) "Indeed, the 'gist' of the offense has always been the defendant's intent to sexually exploit a child, not the nature of the offending act. [Citation.] . . . [¶] [A] 'touching' of the victim is required, and . . . sexual gratification must be presently intended at the time such 'touching' occurs. [Citations.] However, the form, manner, or nature of the offending act is not otherwise restricted." (*Id.* at p. 444.)

Courts addressing the same instructional language as here have not found error. In *People v. Sigala* (2011) 191 Cal.App.4th 695, 701, the court held that the phrase "'touching need not be done in a lewd or sexual manner'" was "entirely consistent with *Martinez*" and "an accurate statement of the law." In *People v. Cuellar* (2012) 208 Cal.App.4th 1067, 1071-1072, the court commented that the challenged phrase added

6

little of value but did not disagree with the analysis in *Sigala*. Instead, the court recommended the Judicial Council "propose new language that simply states that the touching need not be made to an intimate part of the victim's body, so long as it is done with the required intent." (*Ibid.; People v. Cannata* (2015) 233 Cal.App.4th 1113, 1126.) The *Cuellar* court concluded that, taken as a whole, the instruction did not mislead the jury. Instead, the challenged language properly clarified that the offense merely requires a nonaccidental act committed with sexual motivation and that acts such as hugging and tickling may constitute lewd and lascivious touching when coupled with sexual intent. (*People v. Martinez, supra*, 11 Cal.4th at p. 449.)

Based on *Martinez*, CALCRIM No. 1110, even as modified by the trial court, correctly told the jury to determine whether defendant committed any touching of a child with the required sexual intent. Thus, the trial court properly informed the jury that lewd acts may include acts that do not appear to be sexual in manner.

Furthermore, any error was harmless because defendant's defense was that the alleged acts did not occur. The disputed issue in the case was not defendant's intent but whether he committed the alleged acts. If defendant's intent had been at issue, his defense would have been that he tickled the girls for innocent reasons. Instead, he argued that the acts never occurred. Unlike the hugging in *Martinez*, touching the girls' chest and genitals was inherently sexual. If the jury believed the touching happened, they could decide that defendant acted with sexual intent. Since the touching was obviously lewd and sexual, it was immaterial that the trial court instructed the jury that the touching

7

need not be done in a lewd or sexual manner.

The jury obviously understood that innocent tickling without sexual intent constitutes mere battery because the jury only convicted defendant of battery on count 1. By convicting defendant on count 2, the jury signaled it believed beyond a reasonable doubt that defendant did more than merely tickle Jane Doe 2 by rubbing her chest under her shirt. Defendant does not challenge the sufficiency of the evidence. Even if the court erred by telling the jury that the touching need not be committed in a sexual manner, that instruction was irrelevant to the jury's finding that rubbing Jane Doe 2's chest was a lewd act. Therefore, any instructional error was harmless even under the standard for constitutional errors set forth in *Chapman v. California* (1967) 386 U.S. 18, 24.

IV

FRESH-COMPLAINT EVIDENCE

The trial court ruled that the fresh-complaint doctrine permitted the prosecution to elicit testimony about the initial statements the Jane Does made to Robert and to their adult family members about the two incidents. Defendant claims the trial court erroneously allowed impermissible factual details. We disagree.

An appellate court reviews trial court rulings on the admissibility of evidence for abuse of discretion. (*People v. Alvarez* (1996) 14 Cal.4th 155, 203.) Reversal is only appropriate when the court erred by admitting the evidence and that error resulted in prejudice. (*People v. Marks* (2003) 31 Cal.4th 197, 226-227.) The testimony by the girls was extremely general and not detailed in the least. The evidence consisted only of basic

8

facts about the charged offenses. Furthermore, there was no reasonable probability of a different verdict.

Jane Doe 2 testified that she told Robert defendant had touched her chest. Jane Doe 1 testified that she first reported defendant's conduct to her mother and began crying because she was scared. The trial court ruled that Robert could testify that, after Jane Doe 2 complained to him, he contacted the parents of children who regularly played at his house but he could not testify about the substance of the conversations. Robert testified that Jane Doe 2 had described sitting on defendant's lap and playing a computer game when he rubbed her chest. Robert confronted his brother and spoke to Jane Doe 2's parents. Over defense objection, the court also permitted the detective to testify about the girls' prior consistent statements.

A party seeking to exclude evidence must renew the objection during trial to preserve the issue for appeal. (*People v. Holloway* (2004) 33 Cal.4th 96, 133.) Defendant's motion in limine was only directed at Jane Doe 2's complaints to her aunt and uncle. Defendant did not address the statements made to Jane Doe 1's mother and to Robert. Defendant did not object to Robert's testimony about what Jane Doe 2 said. Instead, when the court specifically asked defense counsel about her reaction, she responded by objecting only to Robert's reports to other parents. Because defendant did not raise "a specific objection," directed to this "particular, identifiable body of evidence," he has forfeited his claim on appeal. (*People v. Crittenden* (1994) 9 Cal.4th 83, 127.)

9

On the merits, defendant also cannot prevail. Evidence that a victim of a sexual offense made a complaint is admissible under the fresh-complaint doctrine. The California Supreme Court has explained the doctrine: "[P]roof of an extrajudicial complaint, made by the victim of a sexual offense, disclosing the alleged assault, may be admissible for a limited, nonhearsay purpose—namely, to establish the fact of, and the circumstances surrounding, the victim's disclosure of the assault to others—whenever the fact that the disclosure was made and the circumstances under which it was made are relevant to the trier of fact's determination as to whether the offense occurred." (*People v. Brown* (1994) 8 Cal.4th 746, 749-750.)

However, evidence of the victim's disclosure of the alleged offense should be "limited to the fact of the making of the complaint and other circumstances material to this limited purpose." (*People v. Brown, supra*, 8 Cal.4th at p. 763.) Although "details" are not allowed, limited relevant evidence may be admitted. (*Id.* at p. 756.) In *People v. Burton* (1961) 55 Cal.2d 328, 351, the victim's testimony that the victim's stepfather "'made me play with his peter'" was permissible as a statement of the fact of molestation. (*Id.* at pp. 337; *People v. Butler* (1967) 249 Cal.App.2d 799, 804; *People v. Cordray* (1963) 221 Cal.App.2d 589, 594.) The *Burton* court held that "*the alleged victim's statement of the nature of the offense and the identity of the asserted offender, without details, is proper.* [Citations.] (*Burton,* at pp. 351-352.)

It was necessary for the girls to testify because their initial statements identified the conduct supporting the criminal charges. The minimal detail the girls provided

10

logically connected their reports to the charged offenses.  Otherwise, the charged offenses may have involved entirely different conduct that was wholly foreign to the charged offenses.  (*People v. Brown, supra*, 8 Cal.4th at p. 756.)  Admission of the girls' statements was not an abuse of discretion.  (*People v. Alvarez, supra*, 14 Cal.4th at p. 203.)

Finally, any error was harmless because there was no reasonable probability of a different result.  (*People v. Watson* (1956) 46 Cal.2d 818, 836.)  The mixed verdict indicates that the jury evaluated all the evidence, including the witnesses' credibility as they testified, and did not give the girls' initial statements undue weight.  Any error was harmless.

V

DISPOSITION

No prejudicial error occurred at trial.  We affirm the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:


HOLLENHORST
Acting P. J.


KING
J.

11